COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

June 21, 2017

George X
301 Bayard Street
P.O. Box 46
Delaware City, DE 19706

Larry R. Wood, Esquire
Adam V. Orlacchio, Esquire
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

> Re:  *George X v. Charles E. Brittingham, et al.*
>      C.A. No. 12187-MZ

Dear Counsel and Litigant:

Pending before me is defendants' motion to dismiss the plaintiff's amended complaint for failure to prosecute.  Plaintiff filed his original complaint on April 11, 2016, along with a request to proceed in forma pauperis.  I granted his application, but dismissed the complaint with leave to amend.  Plaintiff filed his amended complaint on April 22, 2016, and served some, but not all, of the defendants.  On May 19, 2016, the served defendants' deadline to respond to the amended complaint, the defendants requested an extension of time to "the later of (i) twenty (20) days after the date on which evidence is filed with the Court

reflecting completion of service of the Complaint and summonses upon all of the defendants, and (ii) June 20, 2016." Plaintiff did not oppose the defendants' request. I granted this extension.

After a period of inactivity, on May 2, 2017, I requested a status update by May 15, 2017, and indicated the case might be subject to dismissal under Court of Chancery Rule 41(e). Plaintiff did not respond. On May 19, 2017, defendants moved to dismiss for failure to prosecute, asserting plaintiff has not made any further attempt to serve the remaining defendants and did not submit a status report. Plaintiff did not file any opposition.

Court of Chancery Rule 41(e) states:

> (e) Inaction for 1 Year; Dismissal. Subject to the provisions of Rules 23, 23.1 and 23.2 in each cause pending wherein no action has been taken for a period of 1 year, the Court may upon application of any party, or on its own motion, and after reasonable notice, enter an order dismissing such cause unless good reason for the inaction is given, or the parties have stipulated with the approval of the Court as to such matter.

"It is settled law that the trial court has discretion to dismiss an action for failure to prosecute." "Litigants, whether represented by counsel or appearing pro se, must diligently prepare their cases for trial or risk dismissal for failure to prosecute." There has been no activity for a period of one year. The plaintiff has provided no good reason for his inaction: he has been completely silent since serving some of

the defendants, even after the Court indicated the matter may be ripe for dismissal and the defendants moved for dismissal.

I recommend the Court grant the defendants' motion to dismiss. This is a final report pursuant to Court of Chancery Rule 144.

Sincerely,

/s/ *Morgan T. Zurn*

Master in Chancery